**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

**VINCENT LEE FOREMAN,**

**Petitioner,**

v.                                                        **Civil Action No. 2:02cv213**

**GENE M. JOHNSON,**

**Respondent.**

## ORDER

Pending before the court are the motions of the petitioner, Vincent Lee Foreman, to amend his original petition filed pursuant to 28 U.S.C. § 2254, and for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b).  Both of these motions rely upon a claim of newly discovered evidence.  The court determines that it lacks jurisdiction over either of these motions, as they represent a successive request for section 2254 relief.  Moreover, the court has already considered the claim raised by the petitioner and found it to be without merit.  Accordingly, the petitioner's motions are **DENIED** and **DISMISSED**.

I. Procedural History

On March 15, 1999, the petitioner was found guilty of grand larceny in the Circuit Court for the City of Virginia Beach, Virginia.  On July 20, 1999, the petitioner was sentenced to ten (10) years of incarceration.  The petitioner filed an appeal with the Court of Appeals of Virginia, which was denied on February 2, 2000.  On March 30, 2001, the Supreme Court of Virginia denied the petitioner's appeal.

On April 24, 2000, the petitioner filed a petition for a writ of habeas corpus in the Circuit

1

Court for the City of Virginia Beach, Virginia.  The Circuit Court dismissed this petition on

August 11, 2000.  The petitioner did not appeal this decision; rather he filed another habeas

petition in the Supreme Court of Virginia that was dismissed on February 15, 2002.

The petitioner initially submitted a petition for a writ of habeas corpus pursuant to 28

U.S.C. § 2254 to this court on April 2, 2002.  This petition was amended with the court's

permission on May 24, 2002.  On March 14, 2003, this court adopted the findings and

recommendations set forth in a report prepared by a United States Magistrate Judge and

dismissed with prejudice the petitioner's section 2254 petition.  In response, on March 24, 2003,

the petitioner filed a motion to alter or amend judgment pursuant to Federal Rule of Civil

Procedure 59(e).

On September 9, 2003, the court adopted the findings and recommendations set forth in a

report prepared by the magistrate judge and denied and dismissed the petitioner's Rule 59(e)

motion with prejudice.  In doing so, the court determined that the petitioner's Rule 59(e) motion

was properly interpreted as a motion seeking successive 2254 relief that had not been authorized

by the United States Court of Appeals for the Fourth Circuit.  The court concluded that it lacked

jurisdiction over the Rule 59(e) motion.  The court also determined that the petitioner had failed

to demonstrate a substantial showing of the denial of a constitutional right and, accordingly,

denied the petitioner a certificate of appealability.

On September 23, 2003, the petitioner filed a notice of appeal to the United States Court

of Appeals for the Fourth Circuit.  On October 1, 2004, the Court of Appeals dismissed the

appeal and denied the petitioner a certificate of appealability.  The Court of Appeals also

construe the petitioner's notice of appeal and informal brief as a motion for authorization under

2

28 U.S.C. § 2244 to file a successive habeas corpus petition and denied this implicit application.

On May 6, 2005, the petitioner filed the instant motion pursuant to Rule 60(b).  On May 12, 2005, he filed a motion to amend his original section 2254 petition, which had been dismissed by the court on March 14, 2003, pursuant to Rule 15(a).

## II. Discussion

Both of the instant motions present the same ground for relief.  The petitioner claims that following this court's denial of his original section 2254 petition on March 14, 2003, the petitioner sought to submit new evidence concerning the testimony elicited during his state trial.  Specifically, the petitioner claims that one of the prosecution's key witnesses provided untrue testimony during the trial based on a police report.  Additionally, the petitioner claims that he received, on January 15, 2005, a letter from his former attorney that revealed that the police report in question was never received and that such report could have been used to impeach the witness at trial.  The court notes that the letter from the petitioner's attorney in no way supports his claim and, in fact, opines that the information described by the petitioner is not exculpatory and that the prosecutor would not have had a duty to disclose it.

The petitioner appears to claim that he submitted this new evidence while his original section 2254 petition was pending, but that the court dismissed this claim finding it to be a successive request for section 2254 relief without the necessary authorization from the court of appeals.  The petitioner claims that the court should have permitted him to amend his original section 2254 petition to include the new evidence claim.

The petitioner's new evidence claim has already been addressed by this court in its disposition of the petitioner's Rule 59(e) motion, filed on March 23, 2003.  The court, in

adopting the report and recommendation of the magistrate judge, determined in its order of September 9, 2003, that the petitioner's Rule 59(e) motion, which raised the same claims as do the instant motions with the exception of the mention of the January 15, 2005 letter from the petitioner's counsel, constituted a successive petition for writ of habeas corpus.

The reasons fully stated in the report and recommendation of the magistrate judge, entered on June 18, 2003, and adopted by this court on September 9, 2003, fully apply to the instant motions because the petitioner seeks the same type of relief. Rather than alleging a defect in the process by which this court denied his original habeas petition, the petitioner's proffer of new evidence challenges the set of facts underlying his initial conviction. As such, and for the reasons stated in the report and recommendation of the magistrate judge on June 18, 2003 as adopted by this court on September 9, 2003, the instant motions must be construed as a successive request for collateral relief. United States v. Winestock, 340 F.3d 200, 203 (4th Cir. 2003).

Pursuant to 28 U.S.C. § 2244(b)(3), before a successive application for collateral relief is filed in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3). Without such authorization, the court is without jurisdiction to consider the successive request for collateral relief. See Winestock, 340 F.3d at 205. The Court of Appeals has already considered the petitioner's appeal of this court's denial of the petitioner's habeas petition and has denied the petitioner authorization to file a successive request for collateral relief.

Moreover, to the extent that the petitioner now claims that the instant motions allege a defect in the collateral review process rather than a successive request for collateral relief, the

4

court has already considered and rejected this argument.  Although the petitioner originally raised

his claim of new evidence in a Rule 59(e) motion, the report and recommendation of the

magistrate judge correctly recognized that "[t]he standard governing relief on the basis of newly

discovered evidence is the same whether the motion is brought under [R]ule 59 or [R]ule 60."

Boryan v. United States, 884 F.2d 767, 771 (4th Cir. 1989).  Accordingly, the petitioner's claim

of newly discovered evidence was also considered under the very standard of review of which he

seeks to take advantage in the instant motions.  The report and recommendation determined that

even if the petitioner's Rule 59(e) motion was not viewed as a successive request for collateral

relief, the petitioner had failed to meet the criteria regarding a claim for newly discovered

evidence.  See EEOC v. Lockheed Martin Corp., 116 F.3d 110, 112 (4th Cir. 1997).

Accordingly, the magistrate judge recommended that even if the court were to interpret the

petitioner's March 23, 2003 motion as a Rule 59(e) motion, rather than as a successive habeas

petition, the Rule 59(e) motion should be denied.

  In submitting objections to the report and recommendation of the magistrate judge, the

petitioner argued that the magistrate judge erred in determining that his Rule 59(e) motion was a

successive request for collateral relief rather than a motion alleging a defect in the collateral

review process.  As set forth in its order of September 9, 2003, the court considered the

petitioner's objections, but determined that the magistrate judge properly construed the

petitioner's Rule 59(e) motion as one for successive collateral relief.

  Following his appeal of the September 9, 2003 order, the Court of Appeals found that this

court did not err in construing the petitioner's Rule 59(e) motion as a request for collateral relief.

See Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (noting that petitioner must establish on

appeal that jurists of reason would find it debatable whether the district court was correct in its procedural ruling).  As the instant motions rely upon the same ground for relief as did the Rule 59(e) motion, the court, for the same reasons set forth in the report and recommendation of the magistrate judge and its final order adopting and approving this report, concludes that the petitioner's motions do not allege defects in the collateral review process that would permit the court to consider them further.

Finally, the court dismissed both the petitioner's original section 2254 petition and his Rule 59(e) motion with prejudice.  The petitioner cannot evade this dismissal by raising the same claims in motions under different titles.

### III. Conclusion

The court construes the instant motions as requests for section 2254 relief and concludes that it is without jurisdiction to consider them further absent authorization from the Court of Appeals.  See Winestock, 340 F.3d at 205.  Accordingly, the petitioner's motion seeking to amend his original habeas petition and his motion for relief from judgment pursuant to Rule 60(b) are **DISMISSED** and **DENIED**.  Finding no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction, nor a debatable procedural issue, a certificate of appealability is **DENIED**.  See Miller-El v. Cockrell, 537 U. S. 322, 336 (2003).

The court advises the petitioner that he may appeal from this final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia, 23510 within thirty (30) days from the date of this Order.

The Clerk is **REQUESTED** to mail a copy of this Order to the petitioner and to counsel

of record for the respondent.

**IT IS SO ORDERED.**

_____
/s/
Jerome B. Friedman
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
June 1, 2005